IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CR NO. 2:06CR271-WKW |
| | ) | |
| PRESTON GRICE | ) | |
| and COREY HARVEY, | ) | |
| | ) | |
| Defendants. | ) | |

MOTION TO DISMISS THE INDICTMENT AND CASE
AGAINST DEFENDANT PRESTON GRICE

COMES NOW the Defendant Preston Grice (hereinafter referred to as the Defendant Grice), by and through undersigned counsel, and files this Motion to Dismiss of the Defendant Preston Grice. As grounds, the Defendant Grice would show unto this Honorable Court the following:

1.  An indictment was issued against the Defendant Grice on November 15, 2005 charging that Defendant Grice along with Leeandora Woods and Corey Harvey did knowingly and intentionally conspire, combine and agree together and with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute cocaine base, marijuana, and a mixture or substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Section 841(a)(1) and Title 18 United States Code, Section 846.

2.     The indictment of November 15, 2005, was dismissed on the **Motion of the Government** on December 9, 2005.

3.     The indictment was re-issued against the Defendant Grice and the Defendant Corey Harvey charging three (3) counts on November 16, 2006.

4.     The right of the Defendant Grice to a speedy trial as provided by 18 U.S.C. Section 3161(c)(1) has been violated.

> "**A. SPEEDY TRIAL**
>
> This court reviews claims under the Speedy Trial Act (Act) *de novo*. *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir.), *cert denied*, –U.S.–, 118 S.Ct., 253, 139 L.Ed.2d 181 (1997). The Act provides that when a defendant enters a plea of not guilty, "the trial…shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date is later." 18 U.S.C. § 3161(c)(1)."
> U.S. v. West, 142 F.3d 1408, 1412 (11th Cir. 1998).

Although it is conceded that the government has the right to move to dismiss an indictment and to subsequently re-file an indictment on the same charges, the government does not have the luxury of a new time clock at the expense of the defendant's right as confirmed by U.S. v. Abdush-Shakur, 465 F.3D 458 (10th Cir. 2006, citing 11th Circuit cases) where the court stated:

> "However, where the *government* moves to dismiss the indictment, as it did with the First Indictment here, and then refiles a second indictment alleging the same charges, the government does not get a new seventy-day clock. *See United States v. Gonzales*, 137 F.3d 1431, 1433-34 (10th Cir. 1998); *United States v. Broadwater*, 151 F.3d 1359, 1360 (11th Cir. 1998)("If *the government* moves to dismiss a count following a mistrial, it does not get a

>'fresh clock' on reindictment; rather, the time is tolled from the dismissal of the original count until the reindictment")(emphasis added); *United States v. Menzer*, 29 F.3d 1223, 1227-28 (7th Cir. 1994); *United States v. Hoslett*, 988 F.2d 648, 658 (9th Cir. 1993); *United States v. Leone*, 823 F.2d 246, 248 (8th Cir. 1987)(same). "The reason for this rule is obvious. If the clock began anew, the government could circumvent the limitations of the Speedy Trial Act by repeatedly dismissing and refiling charges against a defendant." *Hoslett*, 998 F.2d at 658 n. 12; *see also United States v. Rojas-Contreras*, 474 U.S. 231, 239, 106 S. Ct. 555, 88 L.Ed.2d 537 (1985)(Blackmun, J., concurring)(same)."
>U.S. v. Abdush-Shakur, 465 F. 3d 458, 463 fn 4, (10th Cir. 2006)

5.    The Defendant Grice respectfully submits that his speedy trial rights have been violated as more than seventy (70) days have elapsed between the first and second indictments through the pre-trial date, December 18, 2006 and through the date of this Motion.

6.    Prejudice has resulted as the Government has used the delay to gain tactical advantage in that Leeandora Woods' counsel had an absolute conflict resulting from her participation in the Tarsus Lanier proffer statement on December 5, 2005, when evidence was presented by said individual against the Defendant Grice who at that time was then charged with a conspiracy with Leeandora Woods whom counsel for Tarsus Lanier was also representing at the time. The Government and the Defendants' counsel knew, or should have know, of this conflict which would have precluded Woods' representation by the same attorney.

As a result, prejudice has resulted which substantiates the dismissal of this case for speedy trial reasons.

3

**WHEREFORE, THE PREMISES CONSIDERED,** Defendant Grice would respectfully submit to this Honorable Court that the Indictment as to the Defendant Grice is violative of his Speedy Trial Rights and is due to be and should be dismissed. Therefore, the Defendant Grice respectfully prays that this Honorable Court grant this Motion to Dismiss.

Respectfully submitted,
S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Defendant Preston Grice
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-mail: dgmadison@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that this Motion to Dismiss was electronically filed and that electronic service will be made upon the following parties on this 28th day of December, 2006.

S/Donald G. Madison
DONALD G. MADISON (MAD008)
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-mail: dgmadison@bellsouth.net
