IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

RESPONSE TO MOTION TO DISMISS INDICTMENT

Comes now the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's Motion to Dismiss Indictment, and offers the following:

**Background**

1. On November 15, 2005, a Federal Grand Jury indicted Preston Grice, Corey Harvey and Leenandora Woods on one count of Conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, a Schedule II Controlled Substance, more than 30 kilograms of marijuana, a Schedule I Controlled Substance, and a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, from an unknown date continuing until November 1, 2005, in Montgomery County, within the Middle District of Alabama, in violation of Title 21, United States Code, Section 846.

2. On November 30, 2005 the defendant was arraigned before Chief United States Magistrate Judge Charles S. Coody. Defendant entered a plea of not guilty.

3. On December 2, 2005, the defendant filed a Motion to Dismiss Indictment.

4. On December 5, 2005, the defendant filed a Motion to Continue Oral Argument on Motion to Dismiss Indictment.

5. On December 6, 2005, the Court issued an Order continuing the Oral Argument on <u>Motion to Dismiss Indictment</u>.

6. On December 7, 2005, the Government filed a <u>Motion to Dismiss the Indictment</u> citing "the interests of justice" as the reason.

7. On December 8, 2005, the Court issued an Order continuing generally, the oral argument on the defendant's <u>Motion to Dismiss Indictment</u>.

8. On December 9, 2005, the Court dismissed the Indictment without prejudice.

9. On November 16, 2006, a Federal Grand Jury, sitting in the Middle District of Alabama, returned a three count Indictment charging Preston Grice and Corey Harvey with: (1) conspiracy to distribute and possession with intent to distribute more than 50 grams of cocaine base, a Schedule II Controlled Substance, more than 30 kilograms of marijuana, a Schedule I Controlled Substance, and a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, from an unknown date and continuing until November 1, 2005, in Montgomery County, within the Middle District of Alabama, in violation of Title 21, United States Code, Section 846; (2) distribution and possession with intent to distribute more than 50 grams of cocaine base, a Schedule II Controlled Substance, more than 30 kilograms of marijuana, a Schedule I Controlled Substance, and a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, from an unknown date and continuing until November 1, 2005, in Montgomery County, within the Middle District of Alabama, in violation of Title 21, United States Code, Section 841(a)(1); and, (3) knowingly using, carrying and possessing firearms, named in the Indictment, during and in relation to, and in furtherance of, a drug trafficking crime for which they may be prosecuted in a court of the United States, to-wit: conspiracy to distribute and possess

with intent to distribute and distribution and possession with intent to distribute as set out in Counts 1 and 2 of the Indictment, in Montgomery County, within the Middle District of Alabama, in violation of Title 18, United States Code, Section 924(c)(1)(A).

10.    On December 28, 2006, the defendant filed a <u>Motion to Dismiss</u> based on violations of speedy trial.

**Legal Analysis**

11.    Article Six of the United States Constitution assures that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. The Due Process Clause can bar an indictment even if the indictment is brought within the proscribed statute of limitation. <u>United States v. Foxman,</u> 87 F.3d 1220 (11th Cir. 1996).

To prevail on a due process violation resulting from pre-indictment delay, a defendant must show (1) actual prejudice; and (2) the delay resulted from a deliberate design by the government to gain a tactical advantage. <u>United States v. Thomas</u>, 62 F.3d 1332 (11th Cir. 1995). Even if the defendant was prejudiced by pre-accusation delay, if the delay was caused by investigative delay the defendant has not been deprived of due process. <u>United States v. LeQuire</u>, 943 F.2d (11th Cir. 1991).

The Speedy Trial Act (hereinafter "the Act") requires that an indictment be returned within thirty days from the date of arrest. 18 U.S.C. § 3161(b); <u>United States v. Williams</u>, 314 F.3d 552 (11th Cir. 2002). The first day of the thirty-day period is the day after arrest. <u>United States v. Skanes</u>, 17 F.3d 1352 (11th Cir. 1994).

To enable the defense time to prepare, the Act also provides a mandatory thirty-day period between the return of the indictment and the beginning of trial. 18 U.S.C. § 3161(c)(2). When the government fails to meet this deadline, the decision of whether to dismiss with or without prejudice

is based on the factors set out in 18 U.S.C. § 3162(a). The thirty-day requirement does not bar the return of an indictment for charges which do not relate to the charges which prompted the arrest. United States v. Kroesser, 750 F.2d 833 (11th Cir. 1985).

The Act further states that trial must commence within seventy days of the return of the indictment, or from the date the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1); United States v. Hermanski, 861 F.2d 1240 (11th Cir. 1988). Further, the Act also presents and provides for many periods of "excludable time". 18 U.S.C. § 3161(h).

Finally, the decision to dismiss an indictment with or without prejudice based on violations of the Act depends on three primary factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of justice. 18 U.S.C. § 3162(a)(1).

**Argument**

12. In the present case, defendant Preston Grice (Grice) argues that his case should be dismissed because the government violated the Speedy Trial Act. Grice argues that (1) more than seventy days have elapsed between the first and second indictment; and, (2) that he has been prejudiced because the government has used the delay to gain a tactical advantage. Grice argues that the advantage held by the government is due to a former co-defendant's counsel's representation of an individual who allegedly gave information to the government relating to criminal activities of Grice.

13. Defendant's argument that the Indictment should be dismissed because more than seventy days has elapsed fails because the seventy-day clock has not run.

14. The Speedy Trial Act provides that if, as in this case, any charge contained in a complaint against the defendant is dismissed or dropped, the Act's provisions will start anew upon the reinstatement of the charge or the filing of an indictment charging the defendant with the same offense. See <u>United States v. West,</u> 142 F.3d 1408, 1412-1413 (11th Cir. 1998); 526 U.S. 1155 (1999). If the indictment is dismissed at the request of the government, the seventy-day clock tolls during the period in which no indictment is outstanding and continues upon the filing of the second indictment. See <u>United States v. Broadwater</u>, 151 F.3d 1359, 1360 (11th Cir. 1998).

15. On November 30, 2005, defendant was arraigned on the first Indictment. The defendant filed a <u>Motion to Dismiss</u> December 2, 2005, some 2 days later, tolling the seventy-day requirement of the Act. The clock was tolled or stopped until the defendant's arraignment on the second Indictment on November 29, 2006.

Therefore, only 2 days had elapsed on the clock before it was halted. Thus, the seventy-day requirement of the Act has not been violated.

16. The defendant's claim of prejudice involving counsel for a former co-defendant is unclear. The United States respectfully requests clarification as to this argument before responding. The government does contend, however, that the Speedy Trial Act has not been violated. Indeed, a mere two days have elapsed for Speedy Trial Act purposes. Thus, the defendant would not be entitled to a dismissal solely on those grounds.

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's <u>Motion to Dismiss Indictment</u>.

Respectfully submitted this the 1st day of February, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donald Madison.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov