IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr271-WKW |
| | ) | |
| PRESTON GRICE | ) | |
| COREY HARVEY | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Corey Harvey has moved to dismiss the indictment in this case on the ground that his right to a speedy trial pursuant to 18 U.S.C. §3161(c)(1) has been violated because "[m]ore than Seventy (70) days have elapsed between the first and second indictments and during the pendency of the two cases [against him]." Harvey's motion to dismiss (Doc. # 24 at 1). Defendant Preston Grice has also moved to dismiss the indictment on the same ground, "as more than seventy (70) days have elapsed between the first and second indictments through the pre-trial date, December 18, 2006 and through the date of this Motion [December 28, 2006]." Grice's motion to dismiss (Doc. #25) at 3. The government has responded to both motions. Doc. ## 30, 31. For the reasons set out below, the motions to dismiss are due to be denied.

## **Procedural History**

Harvey and Grice were indicted by a grand jury in the Middle District of Alabama on November 15, 2005, on one count of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine. See 2:05-CR-267-T. Judge

Charles S. Coody arraigned the defendants on November 30, 2005. Thereafter, defendants filed a number of pretrial motions, including motions to dismiss the indictment, a motion to continue oral argument on the motion to dismiss, and a motion to sever. See 2:05-CR-267-T (Doc. ## 44, 45, 47, 51). The government filed a motion to dismiss the indictment on December 8, 2005, and, on December 9, 2005, the court dismissed the indictment without prejudice.

Defendants were re-indicted in the Middle District of Alabama on November 16, 2006. They were charged in three counts with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine; distribution and possession with intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine; and knowingly using carrying and possessing firearms during and in relation to and in furtherance of a drug trafficking crime. Defendants were arraigned on the new indictment on November 29, 2006.

**Discussion**

Under 18 U.S.C. § 3161(c)(1), trial must commence within 70 days of the return of an indictment, or from the date on which the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. Here, the speedy trial clock began to run on November 30, 2005, when defendants had their initial appearances on the first indictment. Once started, the clock ran for two days until Grice filed his motion to

dismiss on December 2, 2005. See 18 U.S.C. § 3161(h)(1)(Excluding delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.); United States v. Williams, 314 F.3d 552, 556 (11th Cir. 2002) (same).[1]  Grice's motion to dismiss was still pending when the case was dismissed without prejudice on the government's motion on December 9, 2005.  Thus, no further includable time elapsed under the first indictment.

When an indictment is dismissed, the period of delay between dismissal and re-indictment or first appearance under the second indictment, whichever date last occurs, is also excluded.  See 18 U.S.C. § 3161(h)(6); United States v. McKay, 30 F.3d 1418, 1419-20 (11th Cir. 1994) ("the Act permits the exclusion of time between the dismissal of an indictment and the subsequent indictment or appearance before a judge on the new charge (whichever is later)."); United States v. Sayers, 698 F.2d 1128, 1131 (11th Cir. 1983) ("if charges are dismissed and later reinstated, the time between the dismissal and the reinstatement is not included in computing the time within which trial must commence."). Thus, the speedy trial clock began to run again only upon defendants' first appearance on the second indictment on November 29, 2006.

At that time, the government had 68 days remaining (or until February 5, 2007) to bring this case to trial.  However, at arraignment, defendants agreed that trial should be set

---

[1] Defendant Harvey filed his motion to dismiss somewhat later, on December 5, 2005. However, the delay resulting from Grice's motion is attributable to his co-defendant, as well. See United States v. Schlei, 122 F.3d 944, 985 n. 15 (11th Cir.1997); United States v. Twitty, 107 F.3d 1482, 1488 (11th Cir.1997) (pretrial motions filed by one defendant toll the speedy trial clock for all co-defendants.).

3

on the term beginning April 23, 2007, and the court granted an ends of justice continuance until that date. See Orders on Arraignment (Doc. ## 14, 15). The period of this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A). See United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997)("if the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, any delay is excludable under § 3161(h)(8)(A) of the Speedy Trial Act."). Because the Court granted a continuance on December 4, 2006, this case will go to trial on April 23, 2007 with at least 63 days remaining on the speedy trial clock. In addition, defendants have filed a number of pre-trial motions (including motions to suppress and to dismiss filed December 28, 2006) which have been pending in this case during this period. Thus, even had there been no ends of justice continuance in this case, the resolution of pre-trial motions (including the motions to dismiss presently before the court) clearly would generate sufficient excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(J) to cause the April 23, 2007 trial setting to be timely, in any event.

## **Conclusion**

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motions to dismiss the indictment be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 22, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous,

conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 9th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE