IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | CR No. 2:06cr271-WKW |
| | ) | |
| PRESTON GRICE. | ) | |

### OBJECTION OF DEFENDANT GRICE TO MAGISTRATE'S RECOMMENDATION TO MOTION TO DISMISS INDICTMENT

COMES NOW the Defendant Preston Grice (hereinafter referred to as Grice), by and through undersigned counsel, and submits this Objection to Magistrate's Recommendation to Motion to Dismiss Indictment (Doc 36) in the above-entitled action. The Defendant Grice would show unto this Honorable Court the following:

1.  That with all due respect to the Honorable Susan Russ Walker, Magistrate Judge, her Order denying the Defendants' original Motion to Dismiss (Doc 25) for violation of their speedy trial rights was premised upon several incorrect propositions; namely,

    (A) The initial appearance for the Defendant Grice was November 3, 2005, and not November 30, 2005, as set out in Judge Walker's Order. Therefore, thirty-five (35) days elapsed before the voluntary dismissal was Ordered (December 9, 2005). The Motion for Voluntary Dismissal was made by the government, not these Defendants; and

(B) With all due respect to Judge Walker, she erred in failing to calculate the time after the Motion to Dismiss was filed inclusive of the time up to the date of dismissal during which time the government failed to comply with the Court's Order.

At the time of the government's voluntary dismissal, the government had been informed via a verbal Order from Judge Coody to provide the Affidavit in aid of the search warrant by the end of the date of the first arraignment (November 30, 2005) which did not occur. The government was also ordered to produce discovery on or before Friday, December 2, 2005, which also did not occur (the documents were mailed on that date, but not received on that date as Ordered). Counsel have been provided the aforesaid missing Affidavit after re-indictment in a suppression hearing. The Affidavit made misrepresentations therein to obtain the search warrant, as well as contained material inaccuracies. If the misrepresentations were redacted, there was no probable cause to search the residence for which the search warrant issued.

Counsel for Grice filed a new Motion to Dismiss (Doc 44) based upon the above-stated non-compliance by the government. The government then later filed its Motion to Dismiss voluntarily dismissing the charges against all the Defendants, which dismissal was made by Order of this Court dated December 9, 2005.

Preston Grice and Corey Harvey (but not one of the other original co-

defendants, Leeandora Woods) were re-indicted on November 16, 2006. No new charges were raised which could not have been raised with the first indictment. Their initial appearance and arraignment was on November 28, 2006.

The Defendant Grice filed his pre-trial Motion to Dismiss for the second 2006 Indictment (Doc 25) on December 28, 2006.

By January 5, 2007, more than seventy (70) days had elapsed (counting the 35 days in 2005) with two (2) months remaining prior to Judge Walker's Order denying the Defendant's Motion to Dismiss.

At no time after the second prosecution did the Defendant Grice waive his speedy trial rights.

With all due respect to Judge Walker, the first delay was not at the instance of these Defendants; but, probably more likely a result of the government's facing the possible ire of the Magistrate Judge whose Orders were not complied with. Therefore, an "ends of justice" finding was not appropriate, if in fact entertained where Judge Walker excluded certain time periods occurring after the original Motion to Dismiss was filed prior to the second Indictment.

[C] That, additionally, the Defendant Grice showed that prejudice which resulted from the dismissal as an outright conflict of interest existed with statements being provided by government witnesses where a then alleged co-conspirator, Leeandora Woods, was represented by the same attorney whom was also representing Tarsus Lanier whom provided a statement against Grice while

3

Woods was charged with a conspiracy with Grice. This occurred while Woods was charged in a conspiracy with Grice prior to the dismissal occurring on December 9, 2005.

 (D) That the Defendant Grice had not waived his speedy trial right prior to the December 9, 2005, dismissal nor prior to trial continuance which this Court entered at the second arraignment (Judge Walker alluded to the continuance of the trial from February to April, 2006). No speedy trial waiver was obtained at that time from Grice.

 (E) That more than seventy (70) days had therefore elapsed; thus, entitling the defendant Grice to a dismissal for violation of his speedy trial rights.

### BRIEF AND MEMORANDUM

**A. GRICE'S SPEEDY TRIAL RIGHTS WERE VIOLATED AS MORE THAN 70 DAYS ELAPSED**

"**A. SPEEDY TRIAL**

> This court reviews claims under the Speedy Trial Act (Act) *de novo*. *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir.), *cert denied*, –U.S.–, 118 S.Ct., 253, 139 L.Ed.2d 181 (1997). The Act provides that when a defendant enters a plea of not guilty, "the trial...shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such a charge is pending, whichever date is later." 18 U.S.C. § 3161(c)(1)."

<u>U.S. v. West</u>, 142 F.3d 1408, 1412 (11th Cir. 1998).

**B.     THE GOVERNMENT DOES NOT GET A NEW TIME CLOCK SIMPLY BY RE-INDICTING.**

"Although it is conceded that the government has the right to move to dismiss an indictment and to subsequently re-file an indictment on the same charges, the government does not have the luxury of a new time clock at the expense of the defendant's right as confirmed by U.S. v. Abdush-Shakur, 465 F.3D 458 (10th Cir. 2006, citing 11th Circuit cases) where the court stated:

"However, where the *government* moves to dismiss the indictment, as it did with the First Indictment here, and then refiles a second indictment alleging the same charges, the government does not get a new seventy-day clock. *See United States v. Gonzales*, 137 F.3d 1431, 1433-34 (10th Cir. 1998); *United States v. Broadwater*, 151 F.3d 1359, 1360 (11th Cir. 1998)("If *the government* moves to dismiss a count following a mistrial, it does not get a 'fresh clock' on reindictment; rather, the time is tolled from the dismissal of the original count until the reindictment")(emphasis added); *United States v. Menzer*, 29 F.3d 1223, 1227-28 (7th Cir. 1994); *United States v. Hoslett*, 988 F.2d 648, 658 (9th Cir. 1993); *United States v. Leone*, 823 F.2d 246, 248 (8th Cir. 1987)(same). "The reason for this rule is obvious. If the clock began anew, the government could circumvent the limitations of the Speedy Trial Act by repeatedly dismissing and refiling charges against a defendant." *Hoslett*, 998 F.2d at 658 n. 12; *see also United States v. Rojas-Contreras*, 474 U.S. 231, 239, 106 S. Ct. 555, 88 L.Ed.2d 537 (1985)(Blackmun, J., concurring)(same)."
U.S. v. Abdush-Shakur, 465 F. 3d 458, 463 fn 4, (10th Cir. 2006).

**C.     THE FIRST DISMISSAL WAS A RUSE.**

The dismissal by the government was a ruse to deny the Defendant a speedy trial and this cause should be dismissed. U.S. v. Abdush-Shakur, 465 F.3D 458 (10th Cir.2006).

5

Respectfully submitted,

S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Defendant Preston Grice
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-mail: dgmadison@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that this document was electronically filed utilizing the CM/ECF System and that a copy of same will be electronically served upon the following parties on this 22nd day of March, 2007:

Honorable Leura C. Garrett
United States Attorney

Bruce Maddox, Esquire

S/Donald G. Madison