IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
vs.                            )      CR No. 2:06cr271-WKW
                               )
PRESTON GRICE.                 )

**OBJECTION OF DEFENDANT GRICE TO MAGISTRATE'S RECOMMENDATION
AS TO MOTION TO SUPPRESS**

COMES NOW the Defendant Preston Grice (hereinafter referred to as the Defendant Grice)and submits this the Defendant Grice's Objection to the Recommendation of the Magistrate Judge, the Honorable Susan Russ Walker, issued on March 15, 2007.  In support of this Objection, the Defendant Grice would show unto this Honorable Court the following:

    1.  On page 1 of the Recommendation, the Court held that the CS had indicated that a black Cadillac and a dark minivan, along with an older dark blue or black truck and an older Chevrolet Caprice was at the residence.  This is incorrect as the Confidential Source made no reference to a dark minivan. Officer Steelman testified at pages 8, 9 and 41 of the transcript from the Suppression Hearing conducted on February 22, 2007, (hereinafter referred to as the Suppression Hearing) that Grice was indicated by the Confidential Source as driving a black pickup truck (Lines 1-5, p. 9).  Defendant Corey

1

Harvey (hereinafter Defendant Harvey) was indicated as driving a Caprice and the car allegedly driven by the person named Bucky was a black Cadillac. There was no reference to a dark minivan nor to a Ford Escort both of which were purportedly parked at the premises when surveillance was commenced. The Ford Escort was later addressed in the Order as being the car from which marijuana was thrown.

The CS failed to identify the vehicle the Defendant Grice was driving.

2.  On pages 1 and 2 of the Recommendation, the Court alluded to Steelman running Preston Grice's name on the database. Objection is hereby made as this information was not utilized to obtain the warrant. Notwithstanding, the Court omitted Officer Steelman's testimony whereby he confirmed that the database information which he viewed was probably from 1990.

3.  At page 43 of the Transcript, Corporal Steelman notes that he merely stated, concerning the black minivan's departure, that it "left the residence" (and not that it left at a high rate of speed). (See Affidavit at page 6 of the Order.) That Grice left the residence at a high rate of speed is a misrepresentation. Corporal Steelman testified that he

was not at the premises to determine whether the minivan left in a hurried manner or "sped from the residence".

4.   At page 45, Corporal Steelman confirmed that he did not witness any other persons arriving at the house during the period that he was conducting the surveillance which surveillance was about one and one-half blocks up Holcombe Street from the house.

This is important because the CS did not relay any information which referred to a dark minivan at the residence as was indicated on page 1 of the Recommendation. Corporal Steelman did not know about the minivan until he actually surveilled the residence. Therefore, an actual dispute or discrepancy exists as to what the CS told Corporal Steelman and to what Corporal Steelman testified the CS told him which he used for the Affidavit.

Additionally, the CS whom allegedly learned the information from another so-called "anonymous tipster" was apparently not told of the other persons being in the residence whom were driving the Ford Escort. The city magistrate was not made aware that the CS obtained his information from someone else. This was a concealment.

5.   At page 48 of the Suppression Hearing, Corporal

Steelman confirmed that at the time that the Defendant Grice was pulled over, he had not violated any traffic laws to justify the stop. The alleged reason for stopping the Defendant Grice was "for investigative purposes" (p. 48). At page 49, Corporal Steelman confirmed that Mr. Grice was handcuffed, detained and transported to the Special Operations Office notwithstanding that he had committed no traffic violation, as well as that at that time, the police officers had no information that the Defendant Grice had committed any crime.

6.    Corporal Steelman concealed from the magistrate that when Grice's car was searched that no drugs were found on his person nor in his vehicle at the time that his vehicle was searched at the time of the illegal stop and detention.

7.    In the Affidavit appearing at page 5 of the Recommendation, the anonymous source supposedly relayed information that the Defendant Grice and others were storing a "trafficking amount" of cocaine at the residence. First of all, counsel doubts that the anonymous person would have used this language (i.e., "trafficking amount"); secondly, no information is given as to how the anonymous tipster knew Grice or the others, or would have had access to the house;

third, the type drugs Grice and others were allegedly "cutting" were not identified; fourth, the location of the drugs was not stated.

8.    The Affidavit, at page 6 of the Recommendation, states that "**the defendant**" placed a plastic bag in the black Cadillac...". There was no "defendant" at that time. Also, no evidence established the size of the bag, nor was the bag's color stated. Corporal Steelman concealed the information as to what had to be done to Leeandora Woods' car to retrieve the substantial drugs seized from him (i.e., park car in neutral and remove the console). There was no testimony that Woods removed the console before he left the residence which certainly one conducting surveillance would have noted.

Additionally, the amount of cocaine and marijuana found in Woods' car would have exceeded the amount that could have been contained in a small bag.

9.    The affiant misrepresented that Grice threw marijuana from his minivan. This was not negligence as stated by Judge Walker at pages 8 and 9 of her Recommendation. The affiant knew whom Grice was when he left the residence as other police officers identified Grice as he was leaving in a black minivan. The misrepresentation, therefore, was knowingly made

that Grice was driving the Ford Escort and tried to flee the officers, as well as discarded marijuana while alluding.

10.  The following misrepresentations then were made to the issuing magistrate:

> a)   Residence was located in the 500 block of Holcombe Street;
>
> b)   That the CS stated that a dark minivan was there;
>
> c)   That the black minivan left at a high rate of speed;
>
> d)   That when the stop was initiated on Grice's minivan, he threw marijuana from the vehicle;
>
> e)   That it was Grice whom threw drugs from the vehicle;
>
> f)   Misrepresented that he received information from an anonymous source.  Corporal Steelman received information from an Alleged CS whom received the information allegedly from a separate, anonymous source.

11. The following facts were concealed from the magistrate:

> a)   The CS failed to state that a black minivan was

at the residence;

b)    That the CS failed to identify one or two other cars present;

c)    That the CS failed to identify the persons present driving the Ford Escort;

d)    That Grice had not committed any traffic offense;

e)    That Grice had no drugs on his person nor in his vehicle;

f)    That when Grice was handcuffed, detained and transported to jail that he had committed no crime.

g)    Corporal Steelman concealed the fact that the information from the so-called anonymous source was relayed to another alleged confidential source, whom relayed the information to Corporal Steelman.

12.  At pages 9 and 10 of the Recommendation, Judge Walker provided seven (7) reasons why the Affidavit was sufficient to establish probable cause after she redacted a few of the misrepresentations.

With all due respect, Judge Walker incorrectly stated that reason (2), i.e., that Grice was driving a black minivan was relayed by the Confidential Source.  This was incorrect.

The Source only identified three vehicles - a Cadillac, a black truck and a Caprice. Then Judge Walker, in Reason (3), attempted to assert that the incorrect statement regarding the CS viewing the minivan was confirmed when, in fact, the black minivan was then added after surveillance was established.

Reason (6) was still a misrepresentation. With all due respect, the only statement in the Affidavit not tainted by concealment or misrepresentation is the stop of Leeandora Woods and the seizure of drugs from his vehicle which establishes nothing to even suggest that probable cause existed to search the Holcombe Street home. Even the statement that the CS saw trafficking amounts of drugs at the residence was a misrepresentation. The CS did not see this. Someone else allegedly saw that. The Affiant concealed from the magistrate that someone told the CS this.

13. The Court's footnote 6 at page 9 was incorrect where the Court stated that two digits were the same. The numbers were 300 apart with a serious discrepancy as between a "5" and an "8". The Affidavit stated 500 block, not 589 Holcombe Street. Thus, there were not two digits alike.

14. With all due respect to Judge Walker, the totality of circumstance analysis upon which the Defendant Grice's

8

Motion was denied incorporated erroneous facts and failed to deduct or exclude various concealments and misrepresentations as are set out above.

15. This Court's finding at pages 11 and 12 that the anonymous tip was detailed and specific relied upon incorrect information. First, the concealment that the information was three times removed hearsay was overlooked; the misrepresentation that it was the CS whom originated the information was overlooked; and, finally, the Court again incorrectly stated that the CS stated the black minivan was present.

16. The Defendant Grice further takes exception to the Court's finding of adequacy of the description of the premises (pages 13 and 14) for the reasons set out in paragraph 13 hereinabove.

17. Exception is taken to the Court's *Fed.R.Crim.P* 41(b)(1) analysis at page 15.

The federal agent, Special Agent Thompson, stated the CS contacted him. Both he and Corporal Steelman testified that the drug quantities were a primary fact in determining whether they would proceed federally or state-wise. Drug quantity was determined at the time Leeandora Woods was stopped prior to

seeking the warrant from the municipal magistrate.

The state court ruse allows less scrutiny to be placed on probable cause determinations by courts **not of record**.

18. As to the seizure of the key from Grice, addressed at pages 16 through 17 of the Recommendation, there was no probable cause to stop Grice; he had not committed any traffic violation; his vehicle was illegally searched; he was illegally handcuffed, detained and transported to police headquarters. The key was seized when his van was driven downtown by the police officer.

Therefore, the key was illegally obtained and should be suppressed.

19. The Defendant Grice objects to footnote 12 at page 16 of the Recommendation. By reason of the above objections as to Judge Walker's finding on the totality of circumstances objection, <u>Leon</u> should have been explored.

20. The Defendant Grice relies upon his Brief and Memorandum submitted with the Motion to Suppress herein by this reference as it more fully set forth.

### **<u>CONCLUSION</u>**

With all due respect to Judge Walker, based upon the above and foregoing, this Court should reverse the

Recommendation and suppress the key seized from Grice, as well

as suppress all drugs, paraphernalia, documents and other

items seized from the residence on Holcombe Street.

Respectfully submitted,

S/Donald G. Madison
DONALD G. MADISON (MAD008)
Attorney for Defendant Preston
Grice
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-mail: dgmadison@bellsouth.net

**CERTIFICATE OF SERVICE**

    I hereby certify that this document was electronically
filed utilizing the CM/ECF System and that a copy of same will
be electronically served upon the following parties on this
28th day of March, 2007:

Honorable Leura C. Garrett
United States Attorney

Bruce Maddox, Esquire

S/Donald G. Madison