IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr271-WKW |
| | ) | |
| PRESTON GRICE | ) | |
| COREY HARVEY | ) | |

**AMENDED[1] RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant Corey Harvey has moved to dismiss the indictment in this case on the ground that his right to a speedy trial pursuant to 18 U.S.C. §3161(c)(1) has been violated because "[m]ore than Seventy (70) days have elapsed between the first and second indictments and during the pendency of the two cases [against him]." Harvey's motion to dismiss (Doc. # 24 at 1). Defendant Preston Grice has also moved to dismiss the indictment on the same ground, "as more than seventy (70) days have elapsed between the first and second indictments through the pre-trial date, December 18, 2006 and through the date of this Motion [December 28, 2006]." Grice's motion to dismiss (Doc. #25) at 3. The government has responded to both motions. Doc. ## 30, 31. For the reasons set out below, the motions to dismiss are due to be denied.

**Procedural History**

Harvey and Grice were indicted by a grand jury in the Middle District of Alabama on November 15, 2005, on one count of conspiracy to distribute and possess with the intent to

---

[1] Defendant Grice correctly pointed out in his objection to the recommendation of the undersigned filed on March 9, 2007, that his initial appearance was on November 3, 2005, prior to his arraignment on November 30, 2005. Thus, the court's initial Speedy Trial Act calculations require revision.

distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine. See 2:05-CR-267-T. The defendants had their initial appearances on November 3, 2005 and were arraigned on November 30, 2005. Thereafter, defendants filed a number of pretrial motions, including motions to dismiss the indictment, a motion to continue oral argument on the motion to dismiss, and a motion to sever. See 2:05-CR-267-T (Doc. ## 44, 45, 47, 51). The government filed a motion to dismiss the indictment on December 8, 2005, and, on December 9, 2005, the court dismissed the indictment without prejudice.

Defendants were re-indicted in the Middle District of Alabama on November 16, 2006. They were charged in three counts with conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine; distribution and possession with intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a mixture or substance containing a detectable amount of cocaine; and knowingly using carrying and possessing firearms during and in relation to and in furtherance of a drug trafficking crime. Defendants were arraigned on the new indictment on November 29, 2006.

## **Discussion**

Under 18 U.S.C. § 3161(c)(1), trial must commence within 70 days of the return of an indictment, or from the date on which the defendant appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs. Here, the speedy trial

2

clock began to run on November 15, 2005, the date of the first indictment.  Once started, the clock ran for seventeen days until Grice filed his motion to dismiss on December 2, 2005. See 18 U.S.C. § 3161(h)(1)(Excluding delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.); United States v. Williams, 314 F.3d 552, 556 (11th Cir. 2002) (same).[2]  Grice's motion to dismiss was still pending when the case was dismissed without prejudice on the government's motion on December 9, 2005.  Thus, no further includable time elapsed under the first indictment.

When an indictment is dismissed, the period of delay between dismissal and re-indictment or first appearance under the second indictment, whichever date last occurs, is also excluded.  See 18 U.S.C. § 3161(h)(6); United States v. McKay, 30 F.3d 1418, 1419-20 (11th Cir. 1994) ("the Act permits the exclusion of time between the dismissal of an indictment and the subsequent indictment or appearance before a judge on the new charge (whichever is later)."); United States v. Sayers, 698 F.2d 1128, 1131 (11th Cir. 1983) ("if charges are dismissed and later reinstated, the time between the dismissal and the reinstatement is not included in computing the time within which trial must commence.").  Thus, the speedy trial clock began to run again only upon defendants' first appearance on the second indictment on November 29, 2006.

---

[2] Defendant Harvey filed his motion to dismiss somewhat later, on December 5, 2005.  However, the delay resulting from Grice's motion is attributable to his co-defendant, as well.  See United States v. Schlei, 122 F.3d 944, 985 n. 15 (11th Cir.1997); United States v. Twitty, 107 F.3d 1482, 1488 (11th Cir.1997) (pretrial motions filed by one defendant toll the speedy trial clock for all co-defendants.).

At that time, the government had 53 days remaining (or until January 21, 2007) to bring this case to trial. However, at arraignment, defendants agreed that trial should be set on the term beginning April 23, 2007, and the court granted an ends of justice continuance until that date. See Orders on Arraignment (Doc. ## 14, 15).[3] The period of this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A). See United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997)("if the trial court determines that the 'ends of justice' require the

---

[3] At arraignment, the parties were offered a trial setting of January 9, 2007, which both defendants declined. Instead, based on their desire to review new discovery (some 100 additional pages), interview witnesses (the AUSA indicated that six new witnesses would be offered in its case in chief), and conduct further investigation, defendants agreed that they desired to be set for trial on the district judge's following term in April, 2007. The court made the following written findings in each defendant's arraignment order:

> At arraignment, the parties agreed that due to the nature of this case, the need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the case should be set for trial before **United States District Judge William Keith Watkins** on the trial term beginning on **April 23, 2007**, unless otherwise ordered by the court.
> In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). Based on the nature of this case, the parties' need for adequate time for discovery and the need for counsel to have adequate time for trial preparation, the court finds that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial.

Orders on Arraignment (Doc. ## 14, 15).

grant of a continuance, and makes the required findings, any delay is excludable under § 3161(h)(8)(A) of the Speedy Trial Act."). Because the Court granted a continuance on December 4, 2006, this case will go to trial on April 23, 2007 with at least 48 days remaining on the speedy trial clock. In addition, defendants have filed a number of pre-trial motions (including motions to suppress and to dismiss filed December 28, 2006) which have been pending in this case during this period. Thus, even had there been no ends of justice continuance in this case, the resolution of pre-trial motions (including the motions to dismiss and objections to the recommendation of the undersigned presently before the court) clearly would generate sufficient excludable time pursuant to 18 U.S.C. §§ 3161(h)(1)(F) and (h)(1)(J) to cause the April 23, 2007 trial setting to be timely, in any event.[4]

## Conclusion

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motions to dismiss the indictment be DENIED.

It is further

---

[4] Defendants' objections to the initial recommendation also maintain that the government's failure to produce an affidavit for the search warrant as ordered in 2:05-CR-267-T caused part of the delay in this case, and prompted Harvey to file the motion to dismiss that case which initially tolled the Speedy Trial Act clock. However, under the Speedy Trial Act (in contrast to the Sixth Amendment), the court considers the facts and circumstances leading to dismissal only in deciding whether the case should be dismissed with or without prejudice, an issue addressed only if the court finds that no indictment or information was filed within the time limit required by section 3161(b) as extended by section 3161(h) of that Act. 18 USC § 3162(a)(1); compare Doggett v. United States, 505 U.S. 647, 651 (1992) (noting the significance of "whether the government or the criminal defendant is more to blame for that delay" in the Sixth Amendment analysis). In this case, the court cannot conclude that the Act requires dismissal and, therefore, it does not reach the question of whether dismissal should be with or without prejudice. Neither defendant has raised a Sixth Amendment claim (nor would such a claim likely survive the application of the Barker factors). See Grice's motion to dismiss (Doc. # 25) at 2; Harvey's motion to dismiss (Doc. # 24) at 1 (moving to dismiss only on Speedy Trial Act grounds).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 11, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 29th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE