IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr271-WKW |
| | ) | |
| PRESTON GRICE | ) | |
| COREY HARVEY | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 15, 2007, the undersigned entered a Recommendation that defendants' motions to suppress be denied. On March 27 and 28, 2007, defendants filed objections to the Recommendation of the Magistrate Judge (Doc. ## 41, 42). Upon thorough review of the objections, the court concludes that these are without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of contentions raised by defendant Grice in his objection concerning alleged factual inaccuracies in the Recommendation.

Specifically, Grice repeatedly objects to the court's finding in its Recommendation that "[t]he CS [Confidential Source] indicated that a black Cadillac and a dark mini-van ... were parked at the residence ...," maintaining that "[t]his is incorrect as the Confidential Source made no reference to a dark minivan." Objection at 1. Grice is mistaken. Corporal R. J. Steelman testified in the warrant affidavit that an "ANONYMOPUS [sic] TIP IDENTIFIED THAT ... A BLACK CADILLAC AND A DARK COLORED MINIVAN WERE PARKED IN FRONT OF THE RESIDENCE." Government exhibit 1. Further, the

1

police report (Grice's Exhibit 1), prepared by Steelman and introduced into evidence by defendant Grice, indicated that on 11/01/05 at approximately 1200 hours, Steelman received information from a confidential source who "stated that there was [a] mini-van in front of the residence along with an older dark blue Chevy truck." At the suppression hearing, Steelman did testify that the CS indicated that Grice "drove a black pick-up truck." Tr. at 9. However, this statement does not contradict Steelman's assertion in both the affidavit and police report that the CS told him that a (dark) mini-van was parked in front of the residence. See also Tr. at 11 (Steelman's testimony that he believed that he saw a mini-van at the residence).[1]

The remainder of the objections either lack merit and/or relate to legal arguments or factual contentions not raised in the suppression motions.[2]

It is further

---

[1] In addition – although this point was not material to the court's analysis concerning the stop of Grice's vehicle – Grice quarrels with any suggestion that the mini-van left the residence at a high rate of speed. See Objection at 2 ("That Grice left the residence at a high rate of speed is a misrepresentation."). However, the sworn search warrant affidavit indicated that "DURING THE STOP OF LAWRENCE WOODS, THE BLACK MINIVAN LEFT THE RESIDENCE AT A HIGH RATE OF SPEED." Government exhibit 1. Further, Steelman testified that – while he did not personally see the mini-van leave the residence – Lieutenant Caviness relayed to him the information that Grice's vehicle (that is, the mini-van) left the residence in a hurried manner. Tr. at 44. There is no prohibition against the use of hearsay testimony either in a search warrant or a suppression hearing.

[2] See Orders on Arraignment (November 29, 2006) ("Motions to suppress must allege specific facts which, if proven, would provide a basis of relief. This Court will summarily dismiss suppression motions which are supported only by general conclusory assertions founded on mere suspicion or conjecture. *All grounds upon which the defendant relies must be specifically stated in the motion ... .*") (emphasis in original). The court notes that, although he mentioned several alleged misrepresentations or omissions in the "narrative facts" offered in support of his motion to suppress, Grice did not raise a Franks claim as a legal ground for suppression in his brief and memorandum of law. Doc. # 27.

ORDERED that the parties are DIRECTED to file any objections specific to the Supplemental Recommendation on or before April 16, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. 1982). <u>See</u> <u>Stein v. Reynolds Securities, Inc.</u>, 667 F.2d 33 (11th Cir. 1982). <u>See</u> <u>also</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981, <u>en</u> <u>banc</u>), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE