**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **2;06-cr-271-WKW** |
| ) | |
| **PRESTON GRICE.** ) | |

### MOTION *IN LIMINE* OF DEFENDANT PRESTON GRICE

COMES NOW the Defendant Preston Grice (hereinafter referred to as Defendant Grice), by and through counsel, and files this Motion *in Limine* in the above-style case. As grounds the Defendant Grice would show unto this Honorable Court the following:

1. The Defendant Grice Moves to exclude the testimony of any witness which pre-dates November 1, 2005, by five (5) years. The statute of limitations bars any act allegedly committed more than five (5) years prior to November 1, 2005.

2. The Defendant Grice Moves to exclude any witness from testifying which witness was convicted in a separate conspiracy in which the Defendant Grice was not charged. This request includes, but is not limited to, a motion to exclude Government's potential witnesses Tarsus Lanier and Jerry Mitchell.

> "Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946 (holding that if at trial

1

>   the government produces evidence that each defendant
>   has a conspiratorial relationship with a single
>   outside person, but fails to show that the
>   defendants also were aware of and conspired with
>   each other, the government has proved only multiple
>   individual conspiracies rather than one agreement
>   encompassing al defendants)..."
>   <u>U.S. vs. Guerrero</u>, 934 F.2d 189, [9] (11th Cir. 1991).

3. The Defendant Grice Moves to exclude any testimonial hearsay.

>   "' It is clear that our cases consistently have
>   viewed an accomplice's statements that shift or
>   spread the blame to a criminal defendant as falling
>   outside the realm of those "hearsay exception[s]
>   [that are] so trustworthy that adversarial testing
>   can be expected to add little to [the statements']
>   reliability." White, 502 U.S., at 357.

4. The Defendant Grice makes a motion to exclude any evidence of powder cocaine.

The Indictment alleges only trace amounts of powder cocaine. Therefore, any evidence of powder cocaine other than a detectable amount would not be alleged in the Indictment.

>   "To uphold a conviction on a charge that was neither
>   alleged in an indictment nor presented to a jury at trial
>   offends the most basic notions of due process.  Few
>   constitutional principles are more firmly established
>   than a defendant's right to be heard on the specific
>   charges of which he is accused. See Eaton v. Tulsa, 415
>   US 697, 698-699, 39 L.Ed2d 693, 94 S.Ct 1228 (1974)(per
>   curiam); Garner v. Louisiana, 368 U.S. 157, 13-164, 7
>   L.Ed.2d 207, 82 S.Ct. 248 (1961); Cole v. Arkansas, 333
>   U.S. 196, 201, 92 L.Ed 644, 68 S.Ct. 514 (1948); DeJonge
>   v. Oregon, 299 U.S. 353, 362, 81 L.Ed. 278 57 S.Ct. 255
>   (1937)."
>   <u>Dunn v. United States</u>, 442 U.S. 100, 60 L.Ed 2d 743, 749,
>   99 S.Ct. 2190

    5.    The Defendant Grice Moves to exclude/redact gun charges from the Indictment.

    6.    The Defendant Grice Moves to redact his name as the "subject" or "title" on any investigative report denoting Grice as the subject and/or title of any investigative reports used or offered in evidence would be prejudicial, which prejudice would outweigh any materiality and/or relevance that leaving his name on said report would occur.

    Based upon prosecution's representations, the Government is not pursuing gun enhancements. Therefore, those charges are irrelevant and immaterial.

                                      Respectfully submitted,

                                      /S/ Donald G. Madison
                                    DONALD G. MADISON (MAD 008)
                                    Attorney for Defendant Preston Grice
                                    418 Scott Street
                                    Montgomery, Alabama 36104
                                    Telephone (334) 263-4800
                                    Facsimile  (334) 265-8511
                                    E-Mail dgmadison@bellsouth.net
                                              btjarvis1@bellsouth.net

**CERTIFICATE OF SERVICE**

    I hereby certify that this Motion *in Limine* was electronically filed with the Court and that a copy of same shall be electronically served upon the following parties on this the 2nd day of November, 2007.

Honorable Susan Redmond
Assistant United States Attorney

Bruce Maddox, Esquire
Attorney for Corey Harvey

                                      /S/ Donald G. Madison
                                      OF COUNSEL