IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.    2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

## RESPONSE TO MOTION FOR  RELEASE AND SUPPORTING ARGUMENT

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully files its response to Motion For Release Pending Sentencing Pursuant To 18 USC 3145(c) as  follows:

The defendant was charged in a two-count indictment on November 16, 2006, with, in count one, conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana and a mixture of substance containing a detectable amount of cocaine; and, in count two, of distributing and possessing with intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana and a mixture of substance containing a detectable amount of cocaine, all crimes occurring from an unknown date, and continuing thereafter up to November 1, 2005.

On November 7, 2007, a petit jury convicted the defendant on all counts of the Indictment. After the defendant was adjudicated, the issue of detention was taken up by the Court. The government took the position that pursuant to Title 18, Section 3143(a)(2), the Court must detain the defendant. The defendant argued that pursuant to Title 18, Section 3143(a)(2), the Court had the discretion to order that he be released if exceptional circumstances were found. The Court did not find that exceptional circumstances existed which warranted the defendant's pre-sentence release.

On December 4, 2007, the defendant filed a motion pursuant to 18 USC 3145(c) Appeal from

a release order (Doc. 86), again arguing that he has exceptional circumstances: that he has eight (8) children he supports; and, that his minor children are innocent parties who will be penalized by his lack of support during the Christmas holiday season. This response is filed a s a result of defendant's motion.

Title 18, Section 3143(a)(2), states that the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless - (A)(I) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

In the present case, the court found that the defendant has been found guilty of an offense as described in subparagraph (A) of subsection (f)(1) of section 3142. The Court further determined that there was not a substantial likelihood that a motion for acquittal or new trial would be granted, pursuant to 3143(a)(2)(A)(I) and the government represented that it would not be recommending that no sentence of imprisonment be imposed on the defendant, pursuant to 3143(a)(2)(A)(ii). Therefore, pursuant to 3143(a)(2), the Court should detain the defendant. The defendant argued that the provisions of 3145(c), however, would allow the Court to consider whether the defendant could and should be released.

Title 18, Section 3145(c) states that..."A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly

shown that there are exceptional reasons why such person's detention would not be appropriate."

The government agrees that case law seems to support defendant's contention that 3143(a)(2) is "trumped" by 3145(c). See <u>United States v. Hooks</u>, 330 F.Supp.2d 1311 (M.D. Ala., 2004), <u>United States  v. Brown</u>, 368 F.3d 992 (8th Cir. 2004), <u>United States v. Lea</u>, 360 F.3d 401 (2nd Cir. 2004), <u>United States v. Cook</u>, 42 Fed. Appx. 803 (6th Cir. 2002) unpublished and <u>United States v. Wise</u>, Case No. 2:04-cr-09-S (M..D. Ala., 2005), Document 248.

If the Court determines that it may consider the applicability of 3145(c) to this defendant, the Court must first find that the defendant meets the conditions of release as set out in 3143(a)(1) which states that, "... the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence...be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of the community if released under section 3142(b) or (c). Should the Court find that the defendant is not likely to flee nor poses a danger to the safety of the community, it must next find that there are exceptional reasons why detention would not be appropriate.

Under Section 3145(c), exceptional reasons have been described as a "unique combination of circumstances giving rise to situations that are out of the ordinary." <u>United States v. DiSomma</u>, 951 F.2d 494, 497 (2nd Cir. 1991). See also <u>United States v. Koon</u>, 6 F.3d 561, 563 (9th Cir, 1993) (defining exceptional reasons as "clearly out of the ordinary, uncommon, or rare".)  See also <u>United States v. Perez</u>, 1998 U.S. Dist. LEXIS 10113 (D. Conn. 1998) (personal circumstances such as family obligations and medical conditions do not constitute exceptional reasons").

The government contends, therefore, that even should this Court find that 3145(c) applies, and that the defendant establishes that he is neither a flight risk nor a danger to the community, he

must still be detained as he has failed to establish "exceptional reasons" why his detention would

not be appropriate.

Wherefore, the United States respectfully requests this Honorable Court deny the defendant's

oral motion for release pending sentencing.

Respectfully submitted this the 5th day of December, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | | |
| | ) | | |
| **v.** | ) | **CR. NO.** | **2:06-CR-271-WKW** |
| | ) | | |
| **PRESTON GRICE** | ) | | |

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following: Jeffery C. Duffey.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax
susan.redmond@usdoj.gov