IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:06-cr-271-WKW |
| ) | |
| PRESTON GRICE ) | |

**<u>ORDER</u>**

Upon consideration of the defendant's Motion for Release Pending Sentencing, (Doc. # 86), it is the ordered that the motion is DENIED.

On November 7, 2007, a jury found defendant Preston Grice guilty of conspiracy to distribute and possession with intent to distribute a controlled substance, pursuant to 21 U.S.C. § 846, and distribution and possession with intent to distribute a controlled substance, pursuant to 21 U.S.C. § 841. On the same day, the court ordered Grice remanded to the custody of the United States Marshal as required by 18 U.S.C. § 3143. (Doc. # 77.) On December 4, 2007, Grice filed a Motion for Release Pending Sentencing (Doc. # 86), claiming he has an exceptional circumstance because ten children depend on him for support.

A district court is required to order the detention of a person who has been convicted of an offense prescribed in the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(a)(2). However, there is an exception to this requirement if

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person

is not likely to flee or pose a danger to any other person or the community. *Id.* § 3143(a)(2).

The offenses for which Grice was found guilty, 21 U.S.C. §§ 841, 846, carry statutory maximums of greater than ten years imprisonment. There is neither a substantial likelihood that a motion for acquittal or new trial will be granted nor an indication that the government has rejected a sentence of imprisonment. Thus, section 3143(a)(2) requires that Grice be detained.

Grice however claims that he has exceptional circumstances qualifying him for release prior to sentencing under 18 U.S.C. § 3145(c). This statute provides "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release as set forth in sections 3143(a)(1) or (b)(1), may be ordered released . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

In this case, Grice is detained pursuant to § 3143(a)(2). Grice claims he meets the conditions of release as set forth in § 3143(a)(1). Under Section 3143(a)(1), for a court to order the release of a defendant it must find "by clear and convincing evidence" that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(a)(1). Grice argues that there is clear and convincing evidence that he is unlikley to flee because in the two years since he was charged he has made every court appearance and has not appeared before the court for violating the conditions of his pretrial release. Assuming, *arguendo*, that Grice has demonstrated by clear and convincing

evidence he is unlikely to flee, he is not entitled to release because he has not shown an exceptional reason why detention would not be appropriate.

Courts have found that the hardship of detention on family members is not an exceptional circumstance. *United States v. Hoos*, 330 F. Supp. 2d 1311, 1313 (M.D. Ala. 2004); *United States v. Burnett*, 76 F. Supp. 2d 846, 849-50 (E.D. Tenn. 1999). In *Hooks*, the defendant was a single mother with three children under the age of eight. *Hooks*, 330 F. Supp. 2d at 1313. The court found that her status as a single mother did not constitute an exceptional reason. *Id.* The court did grant her a one-month release because she had made "absolutely no arrangements" for the care of her children. The court emphasized "the immediate detention of [the defendant] would leave her three children vulnerable to whatever care they could find upon a moment's notice; her immediate detention would punish her children." *Id.*

Grice claims that he has an exceptional circumstance because he has eight biological children and two additional children who depend on him from support. While his incarceration may create a hardship on his family, it does not qualify as an exceptional circumstance under §18 U.S.C. § 3145.

Accordingly, it is ORDERED that defendant's Motion for Release Pending Sentence (Doc. # 86) is DENIED.

DONE this 10th day of December, 2007.

                                                /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE