```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF ALABAMA
                     NORTHERN DIVISION
```

UNITED STATES OF AMERICA,    *

    PLAINTIFF,               *

V.                           *   CASE 2:06-CR-271-WKW

PRESTON GRICE,               *

    DEFENDANT.               *

**MOTION FOR NEW TRIAL**

Now comes defendant, by counsel, and moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure:

1. On November 7, 2007 the defendant was convicted by a jury of conspiracy to distribute and possess with intent to distribute cocaine base and marijuana (count 1); and with distribution and possession with intent to distribute cocaine base and marijuana (count 2). Sentencing is set for July 22, 2008.

2. The defendant previously requested and was granted an extension of time to file his motion for new trial.

**ISSUE**

3.   The Government's striking of a black prospective juror from service on the defendant's jury was in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

**ARGUMENT**

4. The jury was selected on November 5, 2007. (Doc. 112).

5. At the conclusion of the jury selection, the defendant objected to the exclusion of potential black jurors based upon the case of *Batson v. Kentucky*, supra, and alleged that the Government struck one hundred percent of the potential black jurors. (Doc. 112, p. 131, 132, 135). There were only two black potential jurors available for consideration to be placed on the jury and the Government struck both potential jurors. (Doc. 112, p. 132).

6. More specifically, the defendant contends that the Government's striking of juror No. 15, who was a black male, was in violation of *Batson v. Kentucky*. (Doc. 112, p. 136). The Government gave the following as its only reason for striking juror No. 15:

> "The fourth person that-the fourth person that the government-fourth and final person that the

> government struck was juror 15, who is a black male but who indicated on his questionnaire that he disliked and distrusted the system. And it was for that reason that the government struck that individual."

(Doc. 112, p. 136). The Court ruled that:

> "As to juror 15, the Court finds that the government has overcome any presumption of discrimination by pointing to the questionnaire response of juror number 15, Mr. Davis. The Court denies the *Batson* challenge as to both."

(Doc. 112, p 138).

7. The Supreme Court has held that: "'[T]he Constitution forbids striking even a single prospective juror for a discriminatory purpose.'" *Snyder v. Louisiana*, 128 S.Ct. 1203, 1208, 170 L. Ed. 2d. 175, 181 (2008).

8. The Government's sole reason for striking Juror No. 15 was based upon the fact that the juror checked a block on his juror questionnaire form indicating "that he disliked and distrusted the system." (Doc. 112, p. 136). The standard juror questionnaire form[1] in this district has a question number 87 for the potential jurors to answer which provides as follows:

---

[1] The form is located on the website for the U.S. District Court, Middle District of Alabama.

> "Which most accurately describes your feelings about the judicial system?"

The juror then has a choice to check a box next to the following four responses:

> highly respect, somewhat respect, little or no respect, dislike and distrust.

Apparently in this case juror No. 15 checked the box for "dislike and distrust." (Doc. 112, p. 136). What that means is subject to speculation. There was no meaningful voir dire conducted by the Government to determine what the juror's feelings were or why the potential juror checked that particular box. Actually, there was no voir dire of juror no. 15 regarding this issue. (Doc. 112, pp. 123-130).

9. The Government had ample opportunity to make inquiry into the questionnaire response from juror No. 15 and whether he could be a fair and impartial juror. In fact, inquiry was made of several potential jurors when questions arose about their questionnaire responses (or non-response). (See Doc. 112, pp. 3-24, 43-77, 103-106).

10. The Supreme Court has held that: "'[T]he State's failure to engage in any meaningful voir dire examination on a subject the State alleges it is concerned about is

4

evidence suggesting that the explanation is a sham and a pretext for discrimination.'" *Miller - El v. Texas,* 545 U.S. 231, 246, 125 S.Ct. 2317, 2328, 162 L. Ed. 2d. 196, 217-218 (2005).  Since the Government made no further inquiry it is contended the Government failed to overcome a presumption of prejudice.

WHEREFORE based upon the above, it is defendant's contention that the Government violated the principles of *Batson v. Kentucky* by the exclusion of juror No. 15, and requests that the Court order that defendant is entitled to a new a trial based upon that violation.

Respectfully submitted this 18th day of April 2008.

>s/Jeffery C. Duffey
>JEFFERY C.  DUFFEY
>Attorney for
>Preston Grice
>600 South McDonough Street
>Montgomery, AL  36104
>Phone: 334-834-4100
>Fax: 334-834-4101
>email: jcduffey@aol.com
>Bar No.  ASB7699F67J

**CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such to the proper parties.

s /Jeffery C. Duffey
JEFFERY C. DUFFEY
Attorney for Preston Grice
