IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

RESPONSE TO MOTION FOR NEW TRIAL

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully responds to defendant's Motion for New Trial, and offers the following:

1. The defendant contends that a new trial is warranted because the government struck juror 15, a black male, in violation of Batson v. Kentucky, 476 U.S. 79 (1986) and Snyder v. Louisiana, 128 S.Ct. 1203 (2008).

**Facts**

2. On or about November 5, 2007, jury selection proceedings began in the case of United States v. Grice, CR. NO. 2:06-CR-271-WKW, before United States District Judge W. Keith Watkins.

3. The Court struck three juries with the parties in Grice striking from the following list of potential jurors:

| | | | |
|---|---|---|---|
| #126 - W/M | #135 - W/M | #150 - W/F | #12 - F |
| #127 - W/F | #136 - W/M | #152 - W/F | #14 - W/M |
| #128 - W/M | #139 - F | #157 - W/M | #15 - B/M |
| #130 - W/M | #140 - B/F | #161 - W/F | #16 - W/F |
| #131 - W/M | #142 - W/M | #183 - B/F | #18 - M |
| #132 - W/F | #145 - W/M | #5 - W/F | #22 - W/M |
| #133 - W/M | #149 - W/M | #6 - W/F | |

4.      Jurors 127, 136, and 140 were excused by the Court without objection from the parties. Jurors 139, 12, and 18 were absent from the proceedings. The government struck jurors 133, 135, 183, and 15. The government used four strikes to strike two jurors who identified themselves as White and two jurors who identified themselves as Black. A further breakdown of the four strikes utilized by the government shows that, of the four jurors struck by the government, two were male and two were female. In short, the government struck one Black male, one Black female, one White male, and one White female. The defendant, by contrast, used five strikes to strike three White males and two White females.

5.      Once the jury was seated but not sworn, the defendant made a Batson challenge based on the strike of juror 183, a Black female and that 100 percent of the Blacks remaining on the venire were struck by the government.(Doc. 112, pp. 134-135.)

**Legal Analysis**

6.      The Supreme Court, in Batson v. Kentucky, 476 U.S. 79 (1986), outlined a three-step test for evaluating whether a prosecutor's use of peremptory challenges constitutes a constitutional violation: (1) the defendant must establish a prima facie case of intentional racial discrimination; (2) once a prima facie showing of intentional discrimination is made, the government must offer a facially race-neutral explanation; and, (3) the court must determine whether the explanation is facially race-neutral and whether the defendant has proven purposeful racial discrimination.

7.      To meet the first requirement of the Batson test, the defendant has to show that : (1) the defendant is a member of a cognizable racial group; (2) the group's members have been excluded from the defendant's jury; and (3) the circumstances of the case raise an inference that the exclusion was based on race. Though the Court found that a defendant may rely on any relevant circumstances

to support an inference of discrimination, the Court specifically identified five factors that a defendant may rely on: (1) the number of racial group members in the venire panel; (2) the nature of the crime; (3) the race of the defendant and victim; (4) a pattern of strikes against racial group members; and (5) the prosecution's questions and statements during voir dire.

**Argument**

8.   In the present case, the defendant has, by self-definition, identified himself as a Black male, and, therefore a member of a recognizable racial group. Further, the record is clear that members of the defendant's racial group were excluded from the defendant's jury. Finally, the trial court did not make a specific finding that the circumstances of the case raised an inference of discrimination. Therefore, because the first prong of the Batson inquiry could not be met by the defendant, the Batson motion was due to be denied and, the Court having done so, leaves no grounds to sustain a motion for new trial. The motion for new trial should, therefore, be denied and dismissed.

9.   Assuming, *arguendo*, that the trial court did make a determination that the first prong of Batson was met by the defendant, the motion was and is rightfully denied as the prosecution gave clear race-neutral reasons for the contested strikes.

10.   The government struck, in order, 133 (W/M), 135 (W/F), 183 (B/F), and 15 (B/M). The government struck 133 because the juror failed to respond to question 87, regarding his feelings about the judicial system.(Doc. 112, pp.138-139.) Juror 183 was struck because she indicated on her questionnaire that her son was a drug user and had been convicted of some drug and firearm violation.(Doc. 112, pp. 135-136.) Juror 15 was struck because he indicated in response to question 87 on the questionnaire that he did not like and did not trust the legal system.(Doc. 112, pp. 136.)

11. The defendant correctly states that no voir dire examination of juror 15 regarding question 87 took place and uses that fact, coupled with the Supreme Court's holding in Miller - El v. Texas, 545 U.S. 231, 246 (2005), to make the argument that the government's striking of juror 15 was based on constitutionally impermissible grounds.

12. The Supreme Court, in Miller - El v. Dretke, 545 U.S. 231, 246 (2005), used the example of Ex parte Travis, 776 So.2d 874,881 (Ala. 2000), mistakenly quoted by the defendant, to point out that a court may and should consider a number of factors in determining whether the explanation given by the prosecutor is facially race-neutral and whether the defendant has proven purposeful racial discrimination. The Travis court, in the context of their fact pattern, stated, "[T]he State's failure to engage in any meaningful voir dire examination on a subject the State alleges it is concerned about is evidence suggesting that the explanation is a sham and a pretext for discrimination." Id. at 246.

13. In the present case, the government did not delve into any of the potential jurors reasons for answering question 87 as they did. The prosecution relied upon the answer or the lack of answer in making the determination as to whether a strike was necessitated. Because a failure to respond and a negative response to the question were and are race-neutral reasons, no purposeful discrimination existed or exists.

14. The court determined the government's explanations were facially race-neutral, based on the race-neutral explanations provided by the government, the order of the government's strikes, and the lack of an established pattern of strikes against any racial group.(Doc. 112, pp. 138-140.) The Court further determined that the defendant failed to establish a prima facie case of purposeful discrimination, and correctly denied the defendant's motion.

For the reasons stated above, the United States requests that this Honorable Court deny the defendant's Motion For New Trial.

Respectfully submitted this the 6th day of May, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/SUSAN R. REDMOND
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, Alabama 36104
        334.223.7280
        334.223.7135 fax
        susan.redmond@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jeffery C. Duffey.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov