IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CR-271-WKW |
| | ) | |
| PRESTON GRICE | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Preston Grice moves the court for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 750 and for his immediate release from prison. (Docs. # 188, 191.) The motion is due to be denied. Grice has received two § 3582(c)(2) sentence reductions, one under Amendment 706 and the other under Amendment 782. Grice obtained the benefit of Amendment 750's base-offense-level reduction when his sentence was reduced under Amendment 782. No further reduction is warranted, and, accordingly Grice's motion is due to be denied.

## I. BACKGROUND

In 2007, a jury convicted Grice for conspiracy to distribute and possess with intent to distribute marijuana, cocaine base, and cocaine hydrochloride, in violation of 21 U.S.C. § 846 (Count One), and for distribution and possession with intent to distribute marijuana, cocaine base, and cocaine hydrochloride, in violation of 21 U.S.C. § 841 (Count Two). At sentencing, after resolving the objections to drug quantities, the court attributed to Grice 4.5 kilograms of cocaine base, 114 grams of

cocaine hydrochloride, and 37.05 kilograms of marijuana.[1] (Presentence Report ¶ 16; Doc. # 153, at 56 (sentencing transcript).) These amounts of drugs, converted to their marijuana equivalencies, resulted in a base offense level of 38. Further, because of his leadership role in the criminal activity, Grice's base offense level increased by two points, and he received a two-point firearm enhancement, for a total offense level of 42. Grice had a criminal history category of II. The resulting guideline range was 360 months to life. (Doc. # 153, at 61–62.) This guidelines range exceeded the statutory mandatory minimum sentence of ten years on Count One and the mandatory minimum sentence of five years on Count Two.

Once pronounced, a district court's authority to modify a sentence of imprisonment is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). But a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under § 3582(c)(2), Grice has received two sentencing reductions.

In 2012, Defendant received a two-level sentence reduction under Amendment 706. *See* U.S.S.G. App. C, Amend. 706 (2007); *see also* U.S.S.G. App C, Amend. 713 (2008) (making Amendment 706 retroactive). "The effect of Amendment 706 [was] to provide a two-level reduction in base offense levels for

---

[1] The presentence report applied the 2007 edition of the Sentencing Guidelines.

crack cocaine offenses." *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008). The court, on its own § 3582(c)(2) motion, reduced Grice's base offense level by two (from 38 to 36), resulting in an amended total offense level of 40. The court then modified Grice's sentence, lowering it from 360 months to 324 months. (Doc. # 158.)

In 2017, Grice received another sentence reduction under Amendment 782. (Doc. # 171.) Promulgated in 2014, Amendment 782 provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. Supp. App. C, Amend. 782 (2014). It was made retroactive by Amendment 788 to the Sentencing Guidelines. U.S.S.G. Supp. App. C., Amend. 788 (2014). The court, again on its motion, reduced Grice's base offense level by two levels, which resulted in an amended base offense level of 34 and an amended total offense level of 38. Consequently, Grice's sentence of imprisonment was reduced from 324 months to 262 months. (Docs. # 171, 172.)

## II. DISCUSSION

Grice argues that he is entitled to a sentence reduction under Amendment 750. In 2011, the Sentencing Commission promulgated Amendment 750, which was made retroactive, *see* U.S.S.G. App. C, Amend. 759 (2011), allowing for sentence reductions under § 3582(c)(2). Amendment 750 "revised the crack cocaine quantity tables in U.S.S.G. § 2D1.1 to conform to the Fair Sentencing Act of 2010." *United States v. Glover*, 686 F.3d 1203, 1204 (11th Cir. 2012).

Grice's sentence reduction under Amendment 782 occurred after Amendment 750 had been incorporated in the Sentencing Guidelines. Both Amendment 750 and Amendment 782 lowered base offense levels for drug offenses involving cocaine base. Under Amendment 750, which increased the quantity of cocaine base and its marijuana equivalencies required to establish a base offense level of 38, Grice's base offense level dropped two levels from 38 to 36. Amendment 782 again raised the quantity of cocaine base for certain base offense levels, resulting in another two-level drop in Grice's base offense level from 36 to 34. (*Compare* U.S.S.G. § 2D1.1(c) (2011), *with* U.S.S.G. § 2D1.1(c) (2014). These calculations illustrate that the reduction in Grice's base offense level under Amendment 782 gave Grice the benefit of the reduction under Amendment 750. He is not entitled to an additional sentence modification.

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Grice's motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 750 (Doc. # 188) and motion for immediate release (Doc. # 188) are DENIED.

It is further ORDERED that Grice's motion to order the Government to respond (Doc. # 189) is DENIED.

DONE this 16th day of May, 2019.

                                                /s/ W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE