IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CR-271-WKW |
| | ) | [WO] |
| PRESTON GRICE | ) | |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(B) AND § 404(b) OF THE FIRST STEP ACT**

Before the court is Defendant Preston Grice's *pro se* motion (Doc. # 194, as supplemented by Doc. # 201) for retroactive application of the Fair Sentencing Act of 2010 and a sentence reduction pursuant to § 404 of the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372, § 2(a) (2010). The Government has responded in opposition. (Doc. # 200.) For the reasons to follow, Mr. Grice is eligible for relief under the First Step Act, but a sentence reduction is not warranted. Accordingly, Mr. Grice's motion is due to be denied.

**I. BACKGROUND**

In November 2006, a federal grand jury indicted Mr. Grice on three charges. Two are relevant here. Count One charged Mr. Grice with a conspiracy to distribute and to possess with intent to distribute more than 50 grams of cocaine base (also known as "crack"), more than 30 kilograms of marijuana, and a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Two charged him

with distributing and possessing with intent to distribute more than 50 grams of cocaine base, more than 30 kilograms of marijuana, and a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).[1]  At the time of Mr. Grice's offenses, which commenced at an "unknown date" and ended on November 1, 2005 (Doc. # 1), Counts One and Two carried a statutory sentencing range of 10 years to life, and a supervised release term of at least 5 years.[2]  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2005); *see also* § 846 ("Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy.").

In 2007, a jury convicted Mr. Grice on Counts One and Two and found that his offenses involved more than 50 grams of crack cocaine.  (Doc. # 76.)  At sentencing, after resolving the objections to drug quantities, the court attributed to Mr. Grice 4.5 kilograms of cocaine base, 114 grams of cocaine hydrochloride, and 37.05 kilograms of marijuana.[3]  (Presentence Investigation Report ("PSR") ¶ 16;

---

[1] Count Three charged Mr. Grice with using and carrying five firearms and ammunition in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A).  (Doc. # 1.)  However, the Government dismissed Count Three during trial.

[2] Prior to trial, the Government filed an information notifying Mr. Grice of its intent to rely on his prior felony drug conviction to enhance his statutory sentencing range to 20 years to life pursuant to 21 U.S.C. § 851(a).  (Doc. # 64.)  However, at sentencing, the Government withdrew its reliance on his prior felony drug conviction.  (Doc. # 153, at 54–55.)

[3] The PSR applied the 2007 edition of the Sentencing Guidelines.  (PSR ¶ 15.)

2

Doc. # 153, at 56 (Sentencing Tr.).) These drug amounts, converted to their marijuana equivalencies, resulted in a base offense level of 38. Additionally, based on his leadership role in the criminal activity, Mr. Grice's base offense level was increased by two levels, and he also received a two-level firearm enhancement, for a total offense level of 42. A total offense level of 42 combined with Mr. Grice's criminal history category of II resulted in a guideline range of 360 months to life. (Doc. # 153, at 57, 61–62.) The guideline range exceeded the statutory mandatory minimum sentence of 10 years on Counts One and Two.

On September 9, 2008, Mr. Grice was sentenced to 360 months' imprisonment on each of Counts One and Two, to be served concurrently. (Doc. # 142 (Criminal J.); Doc. # 153, at 67–68.) Subsequently, Mr. Grice received two sentence reductions under 18 U.S.C. § 3582(c)(2). *See* § 3582(c)(2) (providing that a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

First, in 2012, Mr. Grice received a two-level sentence reduction under Amendment 706. *See* U.S.S.G. App. C, Amend. 706 (2007); *see also* U.S.S.G. App C, Amend. 713 (Supp. May 1, 2008) (making Amendment 706 retroactive). Mr. Grice's base offense level decreased by two levels, resulting in an amended base

offense level of 36 and an amended total offense level of 40.  Mr. Grice's sentence was reduced from 360 months to 324 months.  (Docs. # 158–59.)

Second, in 2017, Mr. Grice received a sentence reduction under Amendment 782 to the Sentencing Guidelines.  (Doc. # 171.)  Promulgated in 2014, Amendment 782 provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. Supp. App. C, Amend. 782 (2014).  It was made retroactive by Amendment 788 to the Sentencing Guidelines.  U.S.S.G. Supp. App. C., Amend. 788 (2014).  Mr. Grice's base offense level decreased by two levels, resulting in an amended base offense level of 34 and an amended total offense level of 38.  Mr. Grice's sentence of imprisonment was reduced from 324 months to 262 months.  (Docs. # 171–72.)

Mr. Grice is incarcerated at a minimum security federal prison camp.  His projected good-time release date is May 4, 2026.  *See* https://www.bop.gov/inmateloc/ (last visited Dec. 16, 2020).

## II. DISCUSSION

### A. General Statutory Principles

"A district court lacks the inherent authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing § 3582(c)).  However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by

4

statute . . . ." § 3582(c)(1)(B).  Here, the First Step Act "expressly permits" district courts "to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act" of 2010.[4]  *Jones*, 962 F.3d at 1297.

Retroactive application of the Fair Sentencing Act through the First Step Act is available to defendants who were convicted of a "covered offense" and sentenced prior to the effective date of the Fair Sentencing Act.  Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."  First Step Act § 404(a).  In *Jones*, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404:  "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'"  962 F.3d at 1298 (citing § 404(a)–(b)).  "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties."  *Id.*  The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment.  From these sources, the district court

---

[4] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

> must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01. The *Jones* holding—that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"—does not permit the district court to consider the "actual quantity of crack cocaine involved in [the movant's] violation." *Id.* at 1301. The Eleventh Circuit explained: "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned. The actual quantity is only the *means* of satisfying the drug-quantity element. That quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense." *Id.* (internal citations omitted); *see also United States v. Taylor*, No. 19-12872, 2020 WL 7239632, at *3 (11th Cir. Dec. 9, 2020) (In *Jones*, "[w]e explained that the term 'covered offense' refers to an offense in the general sense—that is, generic conduct meeting each of the elements of a crime as it is defined by statute." (citing *Jones*, 962 F.3d at 1301)); *United States v. Ingram*, No. 19-11257, 2020 WL 6059658, at *2 (11th Cir. Oct. 14, 2020) ("The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a 'covered offense.'" (citing *Jones*, 962 F.3d at 1301–02)).

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold drug amounts.[5] Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum . . . ." *Dorsey v. United States*, 567 U.S. 260, 269 (2012).

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: Any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added).

If both the foregoing requirements are met—*i.e.*, the "covered offense" and "as if" qualifiers— "[t]he First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." *United States v. Denson*, 963 F.3d 1080, 1086–87 (11th Cir. 2020); First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). It "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Denson*, 963 F.3d at 1087. In exercising its discretion, the district court "may

---

[5] Section 3 of the Fair Sentencing Act, which is not relevant here, modified the penalties related to simple possession of crack cocaine under 21 U.S.C. § 844(a).

7

consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

**B.     Mr. Grice's Motion for a Sentence Reduction**

The discussion of Mr. Grice's motion is divided into three parts. The first part establishes Mr. Grice's eligibility for a sentence reduction. The second part demonstrates the court's authority to reduce Mr. Grice's sentence. The third part assesses the § 3553(a) factors on the issue of whether a reduction is warranted.

**1.     Mr. Grice is eligible for a sentence reduction.**

Mr. Grice's cocaine-base offenses are "covered offense[s]" under the First Step Act; therefore, he is eligible for a sentence reduction.

Mr. Grice was charged and convicted by a jury for drug-trafficking offenses involving 50 grams or more of cocaine base, in violation of §§ 841(a)(1) and 846. (Doc. # 1 (Indictment); Doc. # 76 (Jury Verdict).) In other words, "[b]oth the indictment and the jury verdict made a drug-quantity finding of 50 grams or more of crack cocaine." *United States v. Wright*, 824 F. App'x 734, 738 (11th Cir. 2020). Because Mr. Grice committed his offenses and was sentenced prior to August 3, 2010 (the effective date of the Fair Sentencing Act), his convictions on Counts One and Two triggered the higher penalties in § 841(b)(1)(A)(iii) for offenses involving

50 grams or more of cocaine base. He, thus, was subject to a statutory sentencing range of 10 years to life on both counts. § 841(b)(1)(A)(iii) (effective Nov. 2, 2002, to Mar. 8, 2006). Had § 2(a) of the Fair Sentencing Act been in effect at the time of sentencing, Mr. Grice's statutory sentencing range would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a § 841(a) violation involving at least 28 grams but less than 280 grams of cocaine base. Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, Mr. Grice's statutory sentencing range decreased to 5 to 40 years. Hence, the statutory penalty range for Mr. Grice's offenses was 10 years to life imprisonment prior to the Fair Sentencing Act, and it is 5 to 40 years' imprisonment after the Fair Sentencing Act. Because Mr. Grice was sentenced for §§ 841(a) and 846 violations involving offenses for which the Fair Sentencing Act modified the statutory penalties, his offenses qualify as "covered offense[s]."

Concerning the higher drug quantities attributable to him at sentencing, Mr. Grice's circumstances are similar to those of the defendant, Alfonso Allen, in *Jones*. Allen's conviction arose from a 2006 indictment and a jury verdict finding Allen guilty of conspiring to distribute 50 grams or more of crack cocaine. *See* 962 F.3d at 1294. The government relied on Allen's two prior felony drug convictions to enhance his sentence. As a result, Allen's guideline sentence was life imprisonment, and life imprisonment was the sentence he received. *Id.* (citing § 5G1.1(b)). In

2018, Allen moved for a sentence reduction under the First Step Act. The district court denied the motion, reasoning that the First Step Act did not benefit Allen because at sentencing he was held accountable for between 420 and 784 grams of crack cocaine per week and, thus, "would still be subject to a guideline range of 360 months to life imprisonment." *Id.* at 1294–95. The Eleventh Circuit reversed. It held that Allen was convicted of a "covered offense" because his enhanced statutory penalty for the same offense under the Fair Sentencing Act decreased to 10 years to life imprisonment. "The larger quantity of crack cocaine that the district court found . . . did not trigger the statutory penalty for Allen's offense." *Id.* at 1303. Allen was convicted of a "covered offense" "[b]ecause the Fair Sentencing Act modified the statutory penalties for Allen's offense . . . ." *Id.*

Mr. Grice, like Allen, was convicted of a "covered offense," notwithstanding the higher drug amounts attributed to him at sentencing. At the sentencing hearing, the court made specific drug-quantity findings, holding Mr. Grice accountable for at least 4.5 kilograms of cocaine base. (Doc. # 153, at 56–57.) This drug quantity included all relevant conduct and established Mr. Grice's base offense level. Namely, under the 2007 edition of the Sentencing Guidelines, 4.5 kilograms or more of cocaine base resulted in a base offense level of 38. *See* § 2D1.1(c)(1) (2007); (Doc. # 153, at 6.) The statutory penalty for his offenses, though, was not tied to this drug quantity finding.

10

### 2. The First Step Act authorizes a reduction in Mr. Grice's sentence.

The First Step Act allows (but does not require) the court to reduce Mr. Grice's term of imprisonment because he satisfies § 404(b)'s "as if" qualifier: "Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)). The *Jones* court explained that the "as-if" requirement imposes two limits on the district court's authority to reduce a sentence. First, the First Step Act "does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Id.* "Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing." *Jones*, 962 F.3d at 1303.

An example of the latter is where the First Step Act movant was sentenced prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was the scenario for two of the defendants, Steven Jones and Warren Jackson, whose cases were on appeal in *Jones*. *See Jones*, 962 F.3d at 1293–95. Notwithstanding that Jones and Jackson were each convicted of a "covered offense," the district court did not have the authority to reduce their sentences. Their sentences were handed down prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and pre-*Apprendi*, the statutory

11

penalty hinged on the sentencing judge's drug-quantity finding. *See Jones*, 962 F.3d at 1293–95. As to Jones, the Eleventh Circuit rejected his argument that the drug-quantity finding made by the court, rather than by the jury, "meant that his statutory range should be zero to 20 years of imprisonment." *Id.* at 1304. Jones could not relitigate the drug-quantity finding because it was "used to determine [his] *statutory penalty* at the time of sentencing." *Id.* at 1303 (emphasis added). Additionally, as to Jackson, the earlier drug-quantity finding "meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act." *Id.* at 1304; *see also United States v. Wilson*, No. 19-12783, 2020 WL 6054951, at *3 (11th Cir. Oct. 14, 2020) (explaining that "the Constitution d[id] not prohibit district courts from relying on judge-found facts that triggered statutory penalties prior to *Apprendi*") (citing *Jones*, 962 F.3d at 1303–04). Because Jones's and Jackson's sentences "would have necessarily remained the same had the Fair Sentencing Act been in effect," the district court did not have the authority to reduce their sentences. *Jones*, 962 F.3d at 1303.

The limitations discussed in *Jones* do not apply here. First, the lowest statutory penalty that applies to Mr. Grice under the Fair Sentencing Act is 5 years. *See* § 841(b)(1)(B)(iii) (effective Aug. 3, 2010). Mr. Grice's sentence of 262 months is, of course, greater than 5 years. Second, as discussed in Part II.B.1., the sentencing court's drug-quantity findings did not bear on the statutory penalties. Hence, Mr.

12

Grice's sentence would not "have necessarily remained the same had the Fair Sentencing Act been in effect." *Jones*, 962 F.3d at 1303; *see also United States v. Gillon*, No. 19-15016, 2020 WL 5371558, at *2 (11th Cir. Sept. 8, 2020) ("Because Gillon's sentence of 190 months of imprisonment exceeded the statutory mandatory-minimum sentence of 10 years of imprisonment provided in the Fair Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act."). Accordingly, the court has the authority under the First Step Act to reduce Mr. Grice's sentence on Counts One and Two.

### 3. The § 3553(a) factors do not warrant a sentence reduction.

While Mr. Grice is eligible for a sentence reduction under § 404 of the First Step Act, a reduction is not automatic. *See* First Step Act 404(c).

The court has considered carefully the record, the current statutory range, and the sentencing factors in § 3553(a)—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Grice's criminal history and age. *See* § 3553(a). The balancing of the § 3553(a) factors does not warrant a reduction in Mr. Grice's sentence for the following reasons.

First, the undersigned presided over Mr. Grice's trial and sentencing hearing. The undersigned is fully knowledgeable of the nature and circumstances of Mr. Grice's offenses, including the large quantities of illegal controlled substances involved and the co-defendant's possession of firearms to further the conspiracy.

Mr. Grice was convicted of serious drug offenses. Because of the drug quantities charged, Congress at the time saw fit to require a 10-year minimum sentence for these offenses. While Congress now has cut in half the statutory mandatory minimum and reigned in the maximum sentence applicable to Mr. Grice's offenses, the quantity of crack cocaine attributable to Mr. Grice at sentencing—*i.e.*, 4,500 grams—is more than sixteen times greater than the top end of the new statutory range prescribed in § 841(b)(1)(B)(iii). *See Jones*, 962 F.3d at 1301 (observing that a district court can "consider its previous findings of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence under section 404(b) of the First Step Act").

Second, application of the First Step Act does not change Mr. Grice's advisory sentencing guideline range. Under the Fair Sentencing Act, Mr. Grice's base offense level is 34, increased by two levels for his leadership role and by another two levels for the firearm enhancement, for a total offense level of 38. A total offense level of 38 combined with a criminal history category of II results in a guideline range of 262 to 327 months. Mr. Grice's guideline range is the same range that applied when the court reduced Mr. Grice's sentence pursuant to Amendment 782 of the Sentencing Guidelines. (*See* Docs. # 171–72.) And his sentence of 262 months is the very bottom of that advisory guideline range.

Third, the court has considered Mr. Grice's history and characteristics, including his criminal history. *See* § 3553(a)(2).

Overall, a sentence of 262 months is "sufficient, but not greater than necessary," to reflect the seriousness of Mr. Grice's offenses, to promote respect for the law, to provide just punishment, and to afford adequate deterrence. *See* § 3553(a)(2).

### III. CONCLUSION

Based on the foregoing, it is ORDERED that Mr. Grice's *pro se* motion for retroactive application of the Fair Sentencing Act of 2010 and a sentence reduction pursuant to § 404 of the First Step Act of 2018 (Doc. # 194, as supplemented by Doc. # 201) is DENIED.

DONE this 17th day of December, 2020.

                                           /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE